FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STASHA K.,

                Plaintiff,

        v.

ANDREW M. SAUL, Commissioner of
Social Security,

                Defendant.

No.    2:19-cv-00280-SMJ

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Stasha K. appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income (SSI) benefits. She alleges the ALJ (1) improperly evaluated the opinions of two medical providers and (2) erred in discounting Plaintiff's own subjective symptom testimony. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 12, 13. Having reviewed the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court cannot find any legal error in the ALJ's decision warranting reversal. Accordingly, the Court denies Plaintiff's motion for summary judgment

and grants the Commissioner's motion for summary judgment.

## BACKGROUND[1]

Plaintiff applied for benefits on January 14, 2016, alleging disability with an onset date of August 26, 2014. AR 209–10.[2] The Commissioner denied Plaintiff's application on March 24, 2016, *see* AR 103–05, and denied it again on reconsideration, *see* AR 110–11. At Plaintiff's request, a hearing was held before ALJ Caroline Siderius. AR 38–75. The ALJ denied Plaintiff benefits on June 19, 2018. AR 12–37. The Appeals Council denied Plaintiff's request for review on June 20, 2019. AR 1–6. Plaintiff then appealed to this Court under 42 U.S.C. § 405(g). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R.

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 8, are to the provided page numbers to avoid confusion.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 2

§§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other

work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ found that Plaintiff had three medically determinable severe impairments: degenerative disc disease of the lumbar spine, obesity, and

depression. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 18.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform light work, as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations:

> [Plaintiff] is able to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She is able to sit for up to 4 hours a day, stand for up to 3 hours a day, and walk for up to 2 hours in an eight-hour workday. [Plaintiff] will need a sit/stand option. She can occasionally use foot controls. She cannot climb ladders, ropes or scaffolds, but she can occasionally climb stairs and ramps. [Plaintiff] can perform no balancing. She can occasionally stoop, kneel, and crouch. She can never crawl. [Plaintiff] cannot operate heavy machinery or equipment. She is not able to walk on uneven surfaces. Further, [Plaintiff] is limited to simple, routine and repetitive tasks.

AR 20.

In reaching this determination, the ALJ gave great weight to the opinions of Ronald Kendrick, M.D. and Dr. Jeremy Lewis, D.O., certain opinions of Dr. Angelika Kraus, M.D., to the opinions of John F. Robinson, Ph.D., Carla van Dam, Ph.D., and portions of Beverly Allen, M.D.'s opinion. AR 26–28. The ALJ gave some weight to the opinions of Elizabeth St. Louis, M.D. AR 26. The ALJ gave little weight to the opinions of Dr. Scott Shawen, M.D. and certain other opinions

of Dr. Kraus. AR 27.

At step five, the ALJ found Plaintiff was unable to perform any past relevant work but could perform work as a storage clerk, merchandise marker, or grain picker, each of which existed in substantial number in the national economy. AR 30.

## STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden

of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

### A.     The ALJ did not err in evaluating the medical opinion evidence

Plaintiff contends the ALJ erred in evaluating the opinions of Dr. Jeremy Lewis, D.O., Dr. Angelika Kraus, M.D., and Dr. Beverly Allen, M.D. ECF No. 11 at 18–20. The Commissioner argues the ALJ's evaluation of these opinions was proper. ECF No. 13 at 7–12. Having reviewed the record in this matter, the Court cannot find any legal error in the ALJ's conclusions and thus declines to set her ruling aside on this basis.

For SSI appeal purposes, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (alteration in original) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists

concerning matters relating to their specialty over that of nonspecialists." *Id.* (internal citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830–31). But the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

## 1.     Jeremy Lewis, D.O.

Plaintiff first argues the ALJ erred in assigning great weight to the opinions of treating physician Dr. Lewis. ECF No. 12 at 19–20. The ALJ did so in light of Dr. Lewis's "long established treating relationship" with Plaintiff, as well as the fact that his opinions were supported by his findings, consistent with his own treatment notes, and in line with the longitudinal medical record as a whole. AR 27.

Plaintiff argues the ALJ's conclusion was in error because Dr. Lewis's opinions pre-dated substantial deterioration in Plaintiff's condition. *Id.* Specifically,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 8

Plaintiff argues Dr. Lewis's opinions are undermined by her later complaint, to Dr. Kraus, that she was experiencing low back pain with radiculopathy, bipolar disorder, and anxiety. ECF No. 11 at 19 (citing AR 388–89). However, the Commissioner's regulations require the ALJ to assign the greatest weight to the opinions of a claimant's treating physicians—like Dr. Lewis—and Plaintiff identifies no authority for the proposition that subsequent developments in a claimant's condition require the ALJ to discount earlier medical opinions otherwise entitled to credence. *See Holohan*, 246 F.3d at 1201–02. Furthermore, Plaintiff does not explain how Dr. Kraus's observations—including that Plaintiff exhibited negative straight leg raise testing and had normal reflexes and range of motion, *see* AR 390—were so incompatible with Dr. Lewis's view of Plaintiff's functional limitations that the ALJ erred in crediting those opinions. *Compare* AR 390 (Dr. Kraus's diagnosis of lumbar pain with radiculopathy) *with* AR 352 (Dr. Lewis's finding that Plaintiff suffered "pain [in the] low back"). Insofar as the records of Plaintiff's visits with Dr. Kraus are inconsistent with Dr. Lewis's opinions, that inconsistency appears to derive from Plaintiff's subjective complaints to Dr. Kraus. *See, e.g.*, AR 389. For the reasons discussed below, the Court declines to disturb the ALJ's evaluation of Plaintiff's subjective symptom testimony. Thus, the Court finds no basis to conclude the ALJ erred in assigning great weight to the opinions of Dr. Lewis, and therefore declines to overturn the ALJ's decision on that basis.

### 2. Angelika Kraus, M.D.

Plaintiff next argues the ALJ erred in assigning reduced weight to portions of the opinions rendered by Dr. Kraus. ECF No. 12 at 22. On July 31, 2017, Dr. Kraus rendered opinions largely consistent with the RFC the ALJ ultimately assessed: that Plaintiff could, for example, lift up to 20 pounds occasionally and 10 pounds continuously, and could sit for four hours, stand for three, and walk for two. *See* AR 654–59. The ALJ assigned these opinions great weight given Dr. Kraus's treating relationship with Plaintiff, the support Dr. Kraus's opinions found in the medical record, and their consistency with the opinions of Dr. Kendrick. AR 26. On August 9, 2017, and again on March 29, 2018, Dr. Kraus opined that Plaintiff was far more functionally limited than in her earlier opinion. AR 662–67, 695–99. The ALJ discounted these later opinions because no explanation was given for the dramatic shift in the functional limitations Dr. Kraus assessed. AR 28. The ALJ gave no weight to correspondence from Dr. Kraus stating simply that Plaintiff "is disabled and cannot work" as that is a conclusion reserved for the ALJ. *Id.* (citing AR 700–01).

Having reviewed the record in this matter, the Court cannot find legal error requiring reversal in the ALJ's assessment of Dr. Kraus's subsequent opinions. Plaintiff broadly asserts it was legal error for the ALJ to reject the opinions of Dr. Kraus, a treating provider, in favor of Dr. Kendrick, who was a non-treating, non-

examining provider. ECF No. 12 at 20. But the ALJ was entitled to do just that, so long as she identified "specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216. Inconsistency between a provider's own opinions is such a reason. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Further, the ALJ reasonably concluded Dr. Kraus's earlier opinions were well-founded and compatible with the longitudinal medical evidence—a conclusion with which Plaintiff does not take issue—and noted Dr. Kraus's later opinions of greater disability failed to explain what if anything had changed in the interim. AR 26; *see also* AR 662–67 (handwritten marks on Dr. Kraus's earlier opinions noting "error[s]"), 678 (October 25, 2017 chart notes indicating "[N]othing has changed"), 681 (September 22, 2017 chart notes indicating "nothing has change[d]. Symptoms are the same."). The Court therefore finds the ALJ offered sufficiently specific and legitimate reasons to reject Dr. Kraus's later opinions, and thus declines to set aside the ALJ's decision on that ground.

### 3. Beverly Allen, M.D.

Finally, Plaintiff assigns error to the manner in which the ALJ evaluated the opinions of Dr. Allen. ECF No. 12 at 20. With respect to Dr. Allen's opinions of Plaintiff's anxiety and panic attacks, the ALJ found Dr. Allen's conclusions belied by the medical record, namely that Plaintiff reported improvement in these symptoms and had not sought treatment except "for a brief period in 2016 in which

she was treated for major depressive disorder, not anxiety." AR 28. However, the ALJ assigned great weight to Dr. Allen's assessment that Plaintiff should be limited to simple, repetitive tasks, as that opinion was consistent with those of other providers. *Id.* Plaintiff argues "Dr. Allen's entire report and her conclusions should have been taken into consideration rather than accepting some of her conclusions and disregarding other[s]." ECF No. 12 at 20.

To begin, Plaintiff cites no authority for what appears to be her argument that an ALJ errs merely by parceling out a provider's opinions, assigning different weights to each, and the Court is aware of no such authority. More to the point, the Court can find no legal error in the ALJ's evaluation of Dr. Allen's opinion of Plaintiff's anxiety and panic attacks. *See* AR 28. Although an ALJ is not justified in rejecting a claimant's mental health limitations solely because he or she failed to seek treatment, Plaintiff herself reported improvement in her anxiety and panic attacks, *see* AR 54, and at times when she did seek mental health care was treated for major depressive disorder, not anxiety or panic attacks. AR 517–52. Thus, the Court cannot find the ALJ's evaluation of Dr. Allen's opinions constituted reversible error.

**B.     The ALJ did not err in evaluating Plaintiff's symptom testimony**

Plaintiff also contends the ALJ erred in discounting Plaintiff's own subjective symptom testimony. ECF No. 11 at 10–18. Where a claimant presents objective

medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of her symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

The ALJ rejected Plaintiff's symptom testimony for several reasons. First, the ALJ noted Plaintiff's testimony was inconsistent with her self-reported activities of daily living. AR 26. For example, the ALJ noted Plaintiff reported engaging in household chores, running errands, grocery shopping, cooking, and childcare. *See* AR 455 (Plaintiff reporting that while pain required her to "chang[e] her seated and standing position because of pain," she "has no problems taking care of her personal activities of daily living."). Notably, in early 2016, Plaintiff reported "typical daily activities includ[ing] stretching, sitting 4–6 hours, and walking 8–10 hours," though

she notes pain limited these activities. AR 448. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Even so, in this case Plaintiff testified to *extreme* limitations in her ability to stand, walk, and sit. *See* AR 51 ("I could go to the living room and the hallway, and then I'm like I need to sit down."), 52 ("Standing in line is horrible. . . . I can't do more than five minutes."). Given the particularly marked disconnect between these aspects of Plaintiff's symptom testimony and her self-reported activities of daily living, the Court cannot find the ALJ erred in assigning Plaintiff's testimony reduced weight.

The ALJ also observed Plaintiff's symptom testimony was belied by the objective medical evidence. For example, although Plaintiff complained of severe limitation in her ability to walk, in physical examinations Plaintiff exhibited normal gait and successfully walked on both her heels and toes without pain. AR 345, 406, 408–09, 451 & 469. Similarly, despite Plaintiff's testimony that she struggled to lift anything heavier than ten pounds, examination of her upper extremities was normal and Plaintiff exhibited full muscular strength in both arms. AR 449, 459. With respect to Plaintiff's mental health symptoms, the ALJ noted she regularly presented with normal mood and affect and her mental status examinations would not support the symptoms Plaintiff alleged. AR 359, 411, 593, 621 & 623. Having reviewed the record in this matter, the Court finds the inconsistency between

Plaintiff's symptom testimony and the medical record was a clear and convincing basis to assign Plaintiff's symptom testimony reduced weight. It is not the Court's role to second guess those conclusions. *See Molina,* 674 F.3d at 1110. As such, the Court declines to set aside the ALJ's ruling on this basis.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2.      The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

3.      The Clerk's Office shall **ENTER JUDGMENT** in favor of **DEFENDANT** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of August 2020.

SALVADOR MENDOZA, JR.
United States District Judge